# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GALINDO,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>        Defendant. | Case No. LA CV 16-2688 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Enrique Galindo ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Three issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's treating physician's opinion (*see* Joint Stip. at 3-10);

2. Whether the ALJ's hypothetical to the vocational expert ("VE") was incomplete because it omitted Plaintiff's use of a walker (*see id.* at 11-14); and

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

1

3. Whether the ALJ properly assessed Plaintiff's depression in formulating the residual functional capacity ("RFC") (*see id*. at 14-17).

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

A. <u>The ALJ Properly Assessed the Treating Physician's Opinion</u>

Plaintiff contends that the ALJ improperly assessed the opinion of his treating physician, Dr. Robert Titcher. (Joint Stip. at 3-10.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).[2]

Here, the ALJ properly assigned "little weight" to Dr. Titcher's opinion[3] for four reasons.

First, the extreme limitations in the opinion were inconsistent with the doctor's own progress notes showing that Plaintiff's symptoms were controlled when he complied with treatment. (AR at 24, 250, 311-12, 318-21, 334-37); *see Wilhelm v. Comm'r Soc. Sec. Admin.*, 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly

---

[2] The Court notes that on January 18, 2017, the Commissioner issued new rules that made substantial changes to the way ALJs must evaluate medical opinion evidence going forward. Among other things, these changes eliminate the traditional scheme of deference and greater weight generally assigned to treating physicians, and instead require that all opinion evidence be evaluated on a more equal footing, with a focus on issues such as the supportability of those opinions and consistency with the overall record. *See* 82 Federal Register 5844-01, 2017 WL 168819, *5844-45, 5853, 5869-71, 5880-81. However, those particular changes apply only to claims filed on or after March 27, 2017, and thus do not affect Plaintiff's instant claim filed in 2012. *Id.*; (Administrative Record ("AR") at 16).

[3] Dr. Titcher opined that Plaintiff suffered from diabetes with peripheral neuropathy, hyperlipidemia, and lumbar disc disease with radiculopathy. He opined that Plaintiff could not sit or stand for more than 30 minutes at a time, or sit for more than two hours total in an eight-hour workday. He limited Plaintiff to lifting 20 pounds frequently and occasionally, and Plaintiff was precluded from bending, pushing, stooping, crouching, kneeling, or climbing. Dr. Titcher also indicated that Plaintiff needed a walker at all times. (AR at 24, 346-51.)

rejected doctor's opinion because it contradicted her own treatment notes); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled are not disabling).

Second, Dr. Titcher's opinion that Plaintiff needed a walker at all times (1) conflicted with examinations noting that Plaintiff's gait was steady and non-antalgic without the use of an assistive device, and (2) was insufficiently supported by evidence that he required one on a consistent basis. (AR at 22, 24, 39-40, 241, 261, 263, 276, 278, 319, 350); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [treating physicians' opinions] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."); *Cunningham v. Astrue*, 2010 WL 4916629, at *7 (C.D. Cal. Dec. 1, 2010) (lack of sufficient objective documentation of need for walker, and conflict with evidence that claimant could ambulate without an assistive device, are specific, legitimate reasons for discounting treating physician's opinion).

Third, the severe restrictions in Dr. Titcher's opinion conflicted with his July 2014 recommendation for Plaintiff to increase physical activity. (AR at 24, 45, 312); *see Wilhelm*, 597 F. App'x at 425; *Kern v. Colvin*, 2014 WL 5034658, at *8 (E.D. Wash. Oct. 8, 2014) (ALJ properly assigned "little weight" to treating physician's opinion in part because it conflicted with doctor's own suggestion for Plaintiff to increase activity, rather than limit claimant to sedentary activity).

Fourth, Dr. Titcher's opinion conflicted with the consultative examining physician's opinion that Plaintiff could perform a range of light work. (AR at 21-22, 24, 275-79); *see Batson*, 359 F.3d at 1197; *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Reports of consultative physicians called in by the Secretary may serve as substantial evidence.").

Thus, the ALJ properly assigned little weight to the treating physician's opinion.

3

1     B.     The Hypothetical to the VE was Proper

Next, Plaintiff contends that the ALJ's hypothetical to the VE was incomplete because it omitted Plaintiff's use of a walker. (*See* Joint Stip. at 11-14.)

However, because the ALJ properly discounted the need for that assistive device, as discussed in Section A, the ALJ's hypothetical is not invalidated. *See Richardson v. Comm'r Soc. Sec.*, 588 F. App'x 531, 533 (9th Cir. 2014) (ALJ properly posed hypothetical to VE because it contained all limitations found credible and supported by medical record); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (ALJ not required to include limitations in hypothetical that are not supported by substantial evidence).

Thus, the ALJ did not pose, or improperly accept, an incomplete hypothetical.

C.     The ALJ Properly Assessed Plaintiff's RFC, and Plaintiff Has Failed to Show Any Prejudice

Finally, Plaintiff contends that the ALJ improperly assessed his depression in formulating the RFC. (Joint Stip. at 14-17.) Specifically, Plaintiff contends that the ALJ limited him to unskilled work due to his depression, but failed to point to any medical evidence to support her findings, and "completely ignored" all mental health records in the decision. (*Id.* at 14.)

As a rule, when formulating a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms reasonably attributable to medically determinable impairments. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). However, the ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Rather, the ALJ must explain only why "significant probative evidence has been rejected." *Id.* at 1395 (citation omitted).

Here, the ALJ's assessment of Plaintiff's RFC does not warrant reversal for three reasons.

First, as Plaintiff does not dispute in the reply, the ALJ did cite to the mental health record. (Joint Stip. at 16; AR at 21-24.) Also, contrary to Plaintiff's assertion, the ALJ provided a detailed review of Plaintiff's mental health, including his allegations of depression. (AR at 21-24); *see, e.g.*, *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (substantial evidence supported decision where ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings"); *Yeager v. Colvin*, 2013 WL 5306642, at *3 (E.D. Wash. Sept. 19, 2013) ("[C]ontrary to [claimant]'s assertion, the ALJ did address the effects of [claimant]'s mental health issues, but found that due to the fact that the depression was treated effectively with medication, it had no effect on [claimant]'s [RFC].").

Second, Plaintiff essentially disagrees with the ALJ's ultimate characterization of the mental health record, but the role of this Court is not to reweigh that evidence.[4] (*See* Joint Stip. at 14-17); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.") (citation omitted)); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

Third, and finally, even if the ALJ erred by not providing a more detailed analysis of Plaintiff's depression, Plaintiff fails to adequately explain how his symptom is disabling. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (internal quotation marks omitted)); *Miller v. Heckler*, 770 F.2d 845, 849 (1985) ("A claimant bears the burden of proving that an impairment is disabling."); *Alcantar v. Colvin*, 2015 WL 5732621, at *22 (E.D. Cal. Sept. 28, 2015) ("Absent evidence in the record that [claimant]'s alleged impairments

---

[4] Indeed, Plaintiff requests a remand to reevaluate "the additional impact the Plaintiff's mental impairment has on his ability to work." (Joint Stip. at 17.)

imposed disabling limitations, the ALJ was not required to further review or explain diagnoses that did not appear to impose additional . . . limitations beyond those already incorporated in his RFC assessment.").

Thus, for all the above reasons, the ALJ's assessment of Plaintiff's depression in formulating the RFC does not warrant reversal.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: August 24, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*